IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOSHUA G. SMITH,

        Plaintiff,

v.                                       CIVIL ACTION NO.  3:20-0254

AMERICAN TIRE DISTRIBUTORS, INC. and
JIMMY ELLIOTT,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Joshua G. Smith's Motion to Remand. ECF No. 6. For the following reasons, the Court **GRANTS** the motion.

On January 30, 2020, Plaintiff filed a Complaint in the Circuit Court of Putnam County, West Virginia. In the Complaint, Plaintiff alleges he was wrongfully terminated from his employment with Defendant American Tire Distributors, Inc. (ATD), Prior to his discharge, Plaintiff asserts he was listed as a plaintiff's witness in a civil action for age discrimination filed against ATD and Defendant Jimmy Elliott by a former employee, Dennis Davis. It was Plaintiff's understanding that the reason given for Mr. Davis' termination was that he drove a "picker" without exercising the proper safety precautions by being harnessed to the machine. After he was identified as a witness, Plaintiff's supervisor, Defendant Elliott, called him to his office to meet with him and ATD's attorney in the *Davis* case. Plaintiff states he was asked at the meeting whether he intended to testify in the *Davis* matter. Plaintiff said he would testify truthfully and he was aware of other occasions when employees were not disciplined for moving the picker without

being harnessed when it was not lifted off the ground. In fact, Plaintiff said that in 2015 he himself had moved the picker without raising it and was found to have not violated any policy and was not disciplined. Shortly after the meeting, Defendant Elliott called Plaintiff and told him he was fired.

Several months following Plaintiff's termination, Defendant Elliott's deposition was taken in the *Davis* case. During his deposition, Defendant Elliott reportedly admitted that ATD knew several years prior to Plaintiff's termination that he had moved the picker without raising it and without using fall protection. Defendant Elliott further affirmed that, during the meeting, Plaintiff said he would testify truthfully in the *Davis* matter. Plaintiff states Defendant Elliott further admitted that within days of the meeting he was instructed to fire Plaintiff.

Plaintiff asserts that he was terminated in violation of West Virginia public policy to punish him for stating he would truthfully testify in the *Davis* matter. With respect to Defendant Elliott, Plaintiff alleges he either made the decision to terminate him or was directly involved in the decision. Therefore, Plaintiff filed his retaliatory discharge action against both Defendant Elliott and ATD.

On April 8, 2020, Defendants removed this action to this Court based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants contend that Plaintiff is a West Virginia resident and ATD is a Delaware corporation. Although Defendant Elliott also is a West Virginia resident, Defendants contend he was fraudulently joined and, thus, diversity exists. Plaintiff disputes Defendants' contention and filed the pending Motion to Remand.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c), in part. Whether jurisdiction exists in this case hinges on whether Defendant Elliott is fraudulently joined. As explained by the Fourth Circuit, fraudulent joinder exists when the removing party "demonstrate[s] either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (italics in original) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). Additionally, "[t]he party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id*. (citation omitted). At this point, a plaintiff's pleadings are treated with great deference, as "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)." *Id*. (citation omitted).

If Defendant Elliott is fraudulently joined, then his citizenship is not considered and the case will remain before this Court because it is not disputed that diversity exists between Plaintiff and ATD. However, if there is a possibility of recovery against Defendant Elliott, then the case must be remanded to the state court.

Defendants argue that Plaintiff cannot recover against Defendant Elliott because he had no involvement in making the decision that Plaintiff should be terminated. Defendants assert Defendant Elliott swore under oath he was not involved in the decision. Defendant Elliott also said he was instructed to terminate Plaintiff because Plaintiff had admitted during the meeting that he

had violated ATD's safety policy by moving the picker without being harnessed. Defendants contend it was ATD's Human Resource Manager, Nicole Washington, who investigated Plaintiff's actions after she learned about the safety violation and Plaintiff's admission to the violation was the sole reason for his termination. Therefore, Defendants argue there is no possibility that Plaintiff can recover against Defendant Elliott. However, Plaintiff contends Ms. Washington was not present at ATD's warehouse and could not say during her deposition what Plaintiff was doing on the picker when he was not harnessed. On the other hand, Plaintiff contends Defendant Elliott certainly aided and abetted his termination and "was the boots on the ground at the ATD Warehouse . . . when and where [Plaintiff] was interrogated and then discharged." *Pl's Reply*, at 3, ECF No. 11 (emphasis omitted).

Upon consideration of the allegations, the Court recognizes this case is somewhat unique in that the parties already have access to depositions taken in the *Davis* matter. Nevertheless, it is early in this case, and Plaintiff has not had the opportunity to conduct discovery of his own in this action. Although Defendant Elliott has denied under oath he was involved in Plaintiff's termination, the Court finds it is not a death nail to Plaintiff's remand motion. Obviously, Plaintiff disagrees with Defendant Elliott's representation and points to the fact Defendant Elliott called Plaintiff to his office for the meeting, knew for years prior to the meeting that Plaintiff had operated the picker without being harnessed, Plaintiff was questioned at the meeting about his anticipated testimony in the *Davis* case, Defendant Elliott was named as a defendant in that case, and Defendant Elliott was the person who told Plaintiff he was terminated. Taking these allegations in favor of Plaintiff, this Court easily finds Defendants have failed to meet their heavy burden of demonstrating that Defendant Elliott was fraudulently joined to defeat

diversity jurisdiction. Whether or not Defendant Elliott ultimately will be dismissed or granted summary judgment is a matter for the state court to resolve.

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DIRECTS** the Clerk of this Court to remand this action back to the Circuit Court of Putnam County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 24, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE